UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCENT RUSSELL,<br><br>                Plaintiff,<br><br>  v.<br><br>DAVID WAYNE KIMBALL,<br><br>                Defendant. | Case No. C23-500-LK-SKV<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

      This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on Plaintiff's motion for appointment of counsel. The Court, having reviewed Plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

      (1)    Plaintiff's motion for appointment of counsel (Dkt. 9) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on

the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

Plaintiff, who is currently confined at the Whatcom County Jail ("the Jail"), argues in support of his motion for appointment of counsel that he has no access to a law library, that learning disabilities and mental health issues will make it difficult for him to litigate this action without assistance, and that an attorney would be better able to "articulate" this case and cross-examine Defendant.  *See* Dkt. 9 at 1-2.  Reviewing Plaintiff's motion in light of the standards set forth above, the Court observes that Plaintiff has thus far demonstrated he is able to litigate this action without assistance.

Plaintiff alleges three claims for relief in his complaint, but all arise out of a single incident involving the alleged use of excessive force at the Jail, and all relate to the actions of a single corrections officer.  Thus, Plaintiff's claims are limited in time and scope, and Plaintiff demonstrated in his complaint an ability to articulate the legal and factual bases of his claims without the assistance of counsel.  As for Plaintiff's likelihood of success on the merits of his claims, the record is not yet sufficiently developed for this Court to make such a determination.  Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.  Plaintiff's motion for appointment of counsel is therefore denied.

//

//

//

//

//

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 2

(2)     The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to the Honorable Lauren King.

DATED this 26th day of June, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 3