UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCENT RUSSELL,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID WAYNE KIMBALL,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:23-cv-00500-LK-SKV<br><br>ORDER DISMISSING CASE AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT |

　　　This matter comes before the Court on Plaintiff Vincent Russell's motion for voluntary dismissal without prejudice. Dkt. No. 22; *see also* Dkt. No. 23. Also before the Court is Defendant David Wayne Kimball's motion for summary judgment. Dkt. No. 18. For the following reasons, the Court grants Russell's motion for voluntary dismissal and denies Kimball's motion for summary judgment as moot.

**I.　BACKGROUND**

　　　On March 31, 2023, Russell (a pretrial detainee at Whatcom County Jail) initiated this action under 28 U.S.C. § 1983, alleging that Kimball (a Washington State Department of Corrections ("DOC") officer at Whatcom County Jail) failed to follow DOC policies and

procedures and violated Russell's Fourth and Eighth Amendment rights when he used force to restrain Russell from fighting with another inmate. Dkt. No. 6 at 1–9. Kimball answered Russell's complaint on June 29, 2023. Dkt. No. 11.

On January 12, 2024, Kimball moved for summary judgment, contending that he used objectively reasonable force to restrain Russell, did not violate any of Russell's constitutional rights, and is otherwise entitled to qualified immunity. *See generally* Dkt. No. 18. On January 22, 2024, Russell filed a notice of voluntary dismissal with prejudice. Dkt. No. 22. The Court construed this notice as a motion for voluntary dismissal without prejudice by court order pursuant to Federal Rule of Civil Procedure 41(a)(2), as Kimball had already served his answer and motion for summary judgment and Russell therefore could not unilaterally dismiss his action without the Court's leave. Dkt. No. 23. Neither Russell nor Kimball responded to the other's respective motion.

## II.  DISCUSSION

"Where the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (cleaned up). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, [or] some legal argument,'" as opposed to "[u]ncertainty because a dispute remains unresolved'" or due to "the threat of future litigation[.]" *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96–97 (9th Cir. 1996)). Furthermore, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice[.]" *Kamal*, 88 F.4th at 1280 (quoting *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

Kimball did not respond to Russell's motion and therefore raises no argument concerning legal prejudice weighing against dismissal. Furthermore, Kimball's failure to response is considered by the Court to be "an admission that the motion has merit." LCR 7(b)(2). Thus, dismissal without prejudice is warranted. *See Kamal*, 88 F.4th at 1282 ("[A]s our case law makes clear, the district court must determine whether granting a motion for dismissal without prejudice would result in legal prejudice to the defendant and, if not, the motion should be granted.").

### III.  CONCLUSION

The Court accordingly GRANTS Russell's motion for voluntary dismissal, Dkt. No. 22, and DENIES AS MOOT Kimball's motion for summary judgment, Dkt. No. 18. Russell's complaint is dismissed without prejudice. The Clerk of Court shall close this case and terminate any remaining deadlines.

Dated this 11th day of March, 2024.

*Lauren King*

Lauren King
United States District Judge